NOT FOR PUBLICATION

FILED
JEANNE A. NAUGHTON, CLERK
DEC 19 2017
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ZHEJIANG TOPOINT PHOTOVOLTAIC CO., LTD.,<br><br>Debtor. | Case No. 14-24549 (JNP)<br><br>Chapter 15 |
| ZHEJIANG TOPOINT PHOTOVOLTAIC CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>G&S SOLAR INSTALLERS LLC,<br><br>Defendant. | Adv. Pro. No. 16-01811 |

## OPINION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Before the Court is the Motion (the "Motion") of G&S Solar Installers LLC (the "Defendant") to dismiss all claims alleged by Zhejiang Topoint Photovoltaic Co., Ltd. ("Topoint") in its complaint due to an agreement for mandatory arbitration. The Defendant argues that the Court should enforce the parties' agreement to arbitrate, pointing to state and federal public policies. Topoint opposed the Motion, arguing that this dispute is outside the parties' agreement to arbitrate and thus this adversary proceeding is appropriate. The Motion also questioned whether Topoint has authority to bring this suit under the terms of the Recognition Order and whether this Court had subject matter jurisdiction over the adversary proceeding. Topoint cross-moved for authorization to conduct the adversary proceeding pursuant to 11 U.S.C. § 1521(a)(7) (the "Cross-

1

motion"). Because authorization to bring the complaint was an issue appropriately determined in the main case, the Court directed that the Debtor file a Motion to Amend the Recognition Order in the main case, rather than as part of the adversary proceeding. That motion was granted on May 3, 2017. Therefore, that portion of the Motion and the Cross-Motion are moot. For the reasons discussed below, the remainder of the Defendants' Motion is GRANTED.

## I.    Background

For purposes of this Motion, the Court accepts the allegations in the Complaint as being true. See Ascroft v. Iqbal, 556 U.S. 662, 678 (2009). See also Giuliano v. Genesis Fin. Sols., Inc., 2012 WL 5614588 *1 (Bankr. D. Del. Nov. 15, 2012) (ruling on whether to grant a trustee's motion to dismiss a complaint containing non-core actions). Topoint is a corporation organized and existing under the laws of the People's Republic of China ("China"), with its principal place of business located in Haining City, Zhejuang Province, China. The Defendant is a U.S. construction company that designs and constructs systems for clients primarily in the commercial, industrial, and government sectors.

In September 2013, the Defendant made an arrangement with Solergy USA LLC ("Solergy") to purchase certain Topoint branded solar panels from Solergy. In connection with the transaction, Solergy prepared a Panel Quotation/Invoice, which was signed by Solergy and the Defendant on September 3, 2013. The Panel Quotation/Invoice indicated that the Defendant intended to purchase 77,832 solar panels from Solergy, at unit prices ranging from $135 to $140 per unit, for a total price of $10,850,920. The Panel Quotation/ Invoice also contained a General Terms and Conditions of Sale section which encompasses an arbitration clause. Section 19 of the Panel Quotation/Invoice provides:

> Arbitration. Except in the event of Costumer's failure to make timely payments hereunder, all disputes that may arise between the

> parties under or in connection with this Agreement shall be submitted (together with any counterclaims) to final and binding arbitration heard by a single arbitrator in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association ("AAA") and to be conducted in New York, New York. The prevailing party of any arbitration, action or legal proceeding shall be entitled to receive from the other party, in addition to any other relief that may be granted, its reasonable attorney's fees, costs, and expenses incurred.

Motion to Dismiss, Exh. A (emphasis added). The Defendant ordered the solar panels to fulfill then-existing contractual obligation with its customers. The Defendant received a portion of the solar panels and has paid to date a total of only $7,074,760.

On July 16, 2014, Topoint filed a Chapter 15 bankruptcy proceeding. Topoint held an account receivable against Solergy, and instead of giving Topoint those funds, Solergy assigned all rights, title, and interest in its claims for payment to Topoint via an assignment dated December 8, 2014. Topoint also held an account receivable against Hudson Renewables, which assigned its claims to Topoint as well.

On October 28, 2016, Topoint filed a complaint initiating this adversary proceeding. The complaint alleges that the Defendant purchased, but did not pay for, over $3.2 million of Topoint manufactured solar panels from Solergy and Stephen Gifis t/a Hudson Renewables ("Hudson Renewables"). Topoint brings forth four causes of action: (1) breach of contract; (2) account stated; (3) turnover; and (4) unjust enrichment.

The Motion alleges that nothing further is due on its behalf because: (1) Solergy fraudulently induced the Defendant to enter into the purchase agreement, specifically concerning the warranty on the solar panels; (2) Solergy failed to deliver the solar panels in the amount and condition as promised; and (3) the solar panels delivered by Solergy did not meet the specifications agreed to

by the parties. The Defendant further argues that the Court should enforce the parties' agreement to arbitrate in the Panel Quotation/Invoice.

Topoint opposed the Motion, arguing that this dispute is outside of the scope of the parties' agreement to arbitrate.

## II.    Discussion

### A. Subject Matter Jurisdiction

Bankruptcy Courts derive subject matter jurisdiction from federal statute, rather than Article III of the Constitution. See In re Resorts Int'l, Inc., 372 F.3d 154, 161 (3d Cir. 2004). Bankruptcy courts have subject matter jurisdiction over four types of matters: "(1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under [title] 11; and (4) proceedings related to a case under [title] 11." In re Millennium Lab Holdings II, LLC, 562 B.R. 614, 621 (Bankr. D. Del. 2016).

The first category, cases under title 11, refers to the bankruptcy petition itself. See In re New Century Holdings, Inc., 505 B.R. 431, 440 (Bankr. D. Del. 2014).

The second category, a proceeding arising under title 11, is when the bankruptcy code "creates the cause of action or provides the substantive right invoked." Id. at 441. Examples of this include, but are not limited to, causes of action to recover fraudulent conveyances, avoidance actions to recover postpetition transfers, motions to obtain financing with priority over existing liens, and sales free and clear of liens. See Collier on Bankruptcy ¶ 3.01 (3)(e)(i) (16th ed. 2017).

The third category, a proceeding arising in title 11, exists if the proceeding could arise only in the context of a bankruptcy case. Century, 505 B.R. at 441. Examples of this type of proceeding include, but are not limited to, administrative matters such as allowance and disallowance of claims, orders in respect to obtaining credit, determining the dischargeability of a debt, and

confirmation of plans. See Stoe v. Flaherty, 436 F.3d 209, 218 (3d Cir. 2006); Millennium, 562 B.R. at 621.

The final category, a proceeding "related to" a bankruptcy case, exists if the proceeding could conceivably have some impact on the administration of the debtor's estate, even if the claims involved do not relate directly to the debtor or its property. Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984). The First, Fifth, Eighth, Ninth, Tenth and Eleventh Circuits have adopted the Pacor definition of "related to" jurisdiction. Under this standard, whether a civil proceeding is related to the bankruptcy turns on whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Id. "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Id.

Three of the four causes of action – breach of contract, account stated, and unjust enrichment - are not under title 11, do not arise under a title 11 case, and do not arise in a title 11 case. Therefore, the Court could only have jurisdiction if those counts are "related to" the bankruptcy case.

The outcome of this adversary proceeding will likely have an effect on the foreign proceeding. To fully administer the case, the Debtor seeks to liquidate the claims associated with the assignment, from Solergy to Topoint. If Topoint were successful on even some of its claims against the Defendant, it would result in a larger distribution to creditors. Therefore, the Court has "related to" jurisdiction over the breach of contract, account states, and unjust enrichment counts.

Topoint also brings turnover as a cause of action against the Defendant. Turnover is a cause of action created by the Bankruptcy Code. Pursuant to Section 542 of the Bankruptcy Code, any

5

party in possession, custody or control of property of the debtor's estate, with knowledge of the commencement of the case, must turn over or deliver such property or the value thereof to the Trustee. 11 U.S.C. § 542. Since this cause of action is created within the Bankruptcy Code, it is a proceeding arising under title 11. New Century Holdings, Inc., 505 B.R. at 441.

Because all of the counts are either "related to" the bankruptcy case, or arise under title 11, the Court has subject matter jurisdiction.

### B. Core vs. Non-Core

Although the Court finds it has "related to" jurisdiction over the breach of fiduciary duty, conversion, and unjust enrichment claims, none of those counts are core claims. An illustrative list of core proceedings can be found in 28 U.S.C. § 157(b)(2). Courts also conduct a two-step test, where a claim will be considered core "if (1) it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." In re Exide Techs., 544 F.3d 196, 207 (3d. Cir. 2008).

In non-core proceedings the bankruptcy judge is limited to submitting proposed findings of fact and conclusions of law to the district court unless the parties consent to trial and entry of final orders by bankruptcy judge. 28 U.S.C. § 157(c)(1). See also Wellness Int'l Network, Ltd. v. Sharif, 135 S.Ct. 1932 (2015).

#### 1. *Breach of Contract, Account Stated, and Unjust Enrichment are Non-Core Claims, Whereas Turnover is a Core Claim*

Since the breach of contract, account stated, and unjust enrichment allegations fall under the "related to" category of subject matter jurisdiction, each of those counts is a non-core proceeding. These causes of action do not invoke a substantive right provided by title 11 and could not only be brought in the context of a bankruptcy. Because these causes of action are not created by or

determined by the Bankruptcy Code, these counts could have been brought in a different forum. Therefore, counts one, two, and four are non-core. Exide, 544 F.3d at 207 (invoking the two-step test courts utilize).

The third count of the complaint, turnover, would be considered a core claim, as it is a cause of action that arises under the Bankruptcy Code. However, turnover is not a cause of action that can be brought under a chapter 15. Section 1523 of the Bankruptcy Code states:

> (a) Upon recognition of a foreign proceeding, the foreign representative has standing in a case concerning the debtor pending under another chapter of this title to initiate actions under sections 522, 544, 545, 547, 548, 550, 553, and 724(a).

11 U.S.C. § 1523(a). The Complaint brings a turnover cause of action against the Defendants under sections 105, 541, and 542 of the Bankruptcy Code. Per the Bankruptcy Code, foreign representatives in a Chapter 15 do not have standing to bring a turnover action under these sections of the Bankruptcy Code. Therefore, this count of the complaint will be dismissed, with prejudice.

### C. Arbitration

The Federal Arbitration Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The Court has the power to stay a proceeding if it determines that an issue falls under an applicable arbitration clause. 9 U.S.C. § 3. If one of the parties fails to comply with such an agreement, a court may order "the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4." In re Mintze, 434 F.3d 222, 229 (3d Cir. 2006). Thus, in general, "[t]he FAA makes agreements to arbitrate enforceable to the same extent as other contracts." Harris v. Green Tree Financial Corp., 183 F.3d 173, 178 (3d Cir. 1999). Indeed, "federal law presumptively favors the enforcement of arbitration agreements." Id. Also, the Ninth Circuit

7

"ha[s] held that, notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." Johnmohammadi v. Bloomingdale's Inc., 755 F.3d 1072, 1073 (9th Cir. 2014). Dismissal is appropriate where "the arbitration clause [i]s broad enough to bar all of the plaintiff's claims [by] requir[ing] [the plaintiff] to submit all claims to arbitration." Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

Furthermore, "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or like defenses of arbitrability." Moses H. Cone Mem'l Hosp., 460 U.S. 1, 24-25 (1983).

"[A]n order to arbitrate [a] particular grievence should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Caldwell v. KFC Corp., 958 F. Supp. 962, 973 (D.N.J. 1997).

Here, the arbitration provision is entirely susceptible of an interpretation covering this dispute. Topoint argues that the factual underpinnings of their claim arise out of the Defendant's failure to make payments under the terms of the agreement. While the Defendant may not have made timely payments, the one exception to the agreement to arbitrate, that is not the only dispute between the parties. The Defendant asserts that the quality and quantity of the solar panels were not what they were represented to be and that Solergy made representations regarding warranty and suitability of warranty insurance in connection with negotiating the contract that turned out to be untrue. In addition, the Defendant claims that Solergy failed to deliver all of the promised solar panels and were "shorted" by 7,420 panels, which the Defendant had to replace from other sources at higher cost. These initial disputes led to the Defendant's failure to make payment.

Since the crux of the dispute between Solergy and the Defendant is not just failure to make timely payments, it falls within the scope of the parties' agreement to arbitrate in the Panel Quotation/Invoice. Therefore, all of the claims between the parties are subject to arbitration. Additionally, even if there were doubt over the scope of the parties' agreement to arbitrate, courts favor arbitration. See Moses. 460 U.S. at 24-25; Caldwell, 958 F. Supp. at 973. Therefore, the Motion to Dismiss is granted to allow Topoint to pursue arbitration.

### III. Conclusion

For the foregoing reasons, the Motion is GRANTED.

Because the dispute between the parties is not solely related to payment, the Motion will be granted. The Court notes that even if there were a dispute over that issue, the Court would dismiss to permit arbitration because there is a public policy in favor of arbitration even when the issue is outside of the scope of the arbitration agreement.

The Defendant shall circulate and submit an order in accordance with this Opinion.

Dated: December 19, 2017

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE